## WERNER VS. LEISEN.

DISSOLUTION OF PARTNERSHIP. (1. 2) *On what ground decreed.* (3) *Pleading: prayer for dissolution.*

1. The exclusion by one partner of the other from all control and management of the partnership affairs, and his refusal to account for moneys received belonging to the partnership, and which should be accounted for and paid over, constitute sufficient grounds for a decree dissolving the partnership.
2. The fact that the partnership is in the nature of a joint stock association (unincorporated), and that defendant owns a major part of the stock, does not alter the rule above stated, where it appears from the by-laws of the association that each stockholder was intended to have a due share of influence in the business, and that a board of directors was to be elected who should look after the interests of the other stockholders, and this has not been done.
3. Where the complaint, in such a case, asks for an accounting, the appointment of a receiver, a sale of the partnership property, and a division of the proceeds between the partners, after payment of the liabilities, a decree for a *dissolution* of the partnership will not be prevented by the absence of any formal demand therefor in terms.

APPEAL from the Circuit Court for *Manitowoc* County.

This appeal was taken by the defendant from an order overruling his demurrer to the complaint as not stating a cause of action. The averments of the complaint will sufficiently appear from the opinion.

*Bentley & Seaman,* for appellant, cited Story on Part., §§ 225–229 ; *Richardson v. Bank of England,* 4 Mylne & Cr., 172, 173 ; Collyer on Part., § 201.

*Gillet & Taylor,* for respondent, to the point that the facts alleged would justify a decree dissolving the partnership, and

directing a sale of the partnership property, cited Story on Part., p. 458, note; *Norway v. Rowe,* 19 Ves., 148; *Waters v. Taylor,* 2 Ves. & B., 304; Gow on Part., 111, 112; Story's Eq. Jur., § 673, and notes. They also contended that those facts would justify the court (if desired by the plaintiff) in compelling an accounting for the profits *without* a dissolution, citing Story's Eq. Jur., § 671, and note; *Wallworth v. Holt,* 4 Mylne & Cr., 635–639; *Harrison v. Armitage,* 4 Madd., 80.

COLE, J. The only question presented on this appeal is, whether the complaint states a cause of action. The action is between partners, and it is alleged in the complaint that the defendant is in the "sole and exclusive possession of all the" copartnership property; that he " has received all the rents, issues and profits " thereof since the first day of January, 1870, amounting in all to about $500, of which about $204 belongs to the plaintiff; and that the defendant "refuses to come to any settlement whatever," and " refuses to deliver up any portion of said property " to the plaintiff. An accounting is asked for, of the company property and business since the last settlement therein mentioned; a sale of the partnership property; and that after all liabilities and equitable demands are satisfied, the remainder of said company property be divided and given over to the separate possession of said parties, according to their respective interests; that a receiver be appointed, etc.; and for general relief.

Now it is objected that the complaint does not show that the defendant has violated the copartnership agreement, or been guilty of any wrongful act which would authorize the interference of a court of equity to dissolve the copartnership. The averments of the complaint above referred to are sufficient to show that this objection is untenable. The exclusion by one partner of the other from all control and management of the partnerhip affairs, and refusing to account for moneys received which belong to the partnership, and which should be ac-

counted for and paid over, are recognized by all the authorities as constituting sufficient grounds for the dissolution of the partnership.

In this case the adventure was the building of a pier on Lake Michigan by a joint stock company, and the carrying on the business of the sale of cord wood and farmers' produce therefrom; and it appears that all the stock is now owned by the plaintiff and the defendant, the latter owning the controlling interest. It is evident from the by-laws adopted by the association, that each stockholder was to have a due share of influence in the business of the concern. It was clearly not the intention that one stockholder, though he might own the majority of the stock, should take the sole and exclusive possession of the property, and manage the business without reference to the wishes or advice of the other stockholders. It was obviously expected that there would be a board of directors elected by the stockholders from time to time, who should have a general supervision and control of the property and business; and look after the interests of the other stockholders. But, according to the allegations of the complaint, the defendant has taken and holds the exclusive possession of the property, and manages the concerns of the firm according to his own pleasure. We have no doubt but this constitutes a good ground for the interposition of a court of equity to dissolve the partnership, and settle up its affairs.

It is further objected that there is no dissolution of the partnership asked for in the complaint. There is not, in terms, but yet a dissolution would necessarily follow on granting the relief prayed for. If the partnership matters are adjusted, and the company property is divided and delivered over to the separate possession of the parties according to their respective interests, this would amount to a dissolution. And as the facts stated, as well as the specific relief asked, authorize and require nothing less than a dissolution of the partnership, an end should be put to it altogether.

*By the Court.*—The order of the circuit court, overruling the demurrer, is affirmed.